UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RENARD'S CHEESE STORE, LLC,

       Plaintiff,

v.                                                    Case No. 14-CV-559

RICOH USA, INC,

       Defendant.

## ORDER DENYING MOTION TO REMAND

This action arises out of a lease agreement for a copy machine between Plaintiff Renard's Cheese Store, LLC (Renard's) and Defendant Ricoh USA, Inc. (Ricoh). The action was originally commenced in the Circuit Court for Door County in Door County, Wisconsin on April 14, 2014. On May 14, 2014, Ricoh filed a notice of removal and on June 30, 2014, Renard's filed a motion to remand the case to the Circuit Court for Door County on the ground that Ricoh failed to meet its burden to establish that the amount in controversy exceeds $75,000. For the reasons below, Renard's motion will be denied.

As the party seeking to invoke federal jurisdiction, Ricoh bears the burden of demonstrating that this court has jurisdiction pursuant to 28 U.S.C. § 1332. Ricoh's notice of removal states that complete diversity of citizenship exists because Renard's is a citizen of Wisconsin and Ricoh is not.[1] (*See* Notice of Removal ¶¶ 3–4, ECF No. 1.) Renard's does not dispute this. (Pl.'s Br. 1, ECF

---

[1] More specifically, the notice of removal states that Ricoh's is a corporation organized under the laws of the State of Delaware with its principal place of business in Pennsylvania and therefore it is not a citizen of Wisconsin. (ECF No. 1 ¶ 5.) The notice of removal also states that Renard's is a citizen of Wisconsin because each of its members is domiciled in Wisconsin. (*Id.* ¶ 3.)

No. 10.) Ricoh's notice of removal also states that the amount in controversy requirement is satisfied because Renard's seeks rescission of the lease agreement at issue and, based on the terms of the agreement that are set forth in Renard's complaint, the total value of the agreement is $102,540. (Notice of Removal ¶¶ 5–6 (citing Compl. ¶ 7), ECF No. 1.) Renard's takes issue with this conclusion, but its arguments miss the mark.

Renard's initially argues that Ricoh has failed to provide any evidence showing how the total damages in this case can exceed $75,000 when Renard's has made payments under the lease agreement as of the date of removal totaling only $28,848. (Pl.'s Br. 3, ECF No. 10.) However, as Ricoh points out in its response brief, Renard's is seeking to rescind the lease agreement. (Def.'s Resp. Br. 4, ECF No. 12.) The complaint alleges that as a result of several of Renard's causes of action, including fraud, Renard's "is entitled to rescind the contract" (Compl. ¶¶ 22, 39, 42, 45), and Renard's reply brief also states that "Renard's agrees with Ricoh that it has requested, in addition to other damages, rescission of the contract" (Pl.'s Reply Br. 1, ECF No. 14.)

When a party seeks to rescind a contract, the value of the contract determines the amount in controversy for the purpose of determining jurisdiction. *See Hartford Acc. & Indem. Co. v. Northwest Nat. Bank of Chicago*, 228 F.2d 391, 402 (7th Cir. 1955) ("[W]here . . . the relief sought is a declaration of the validity or invalidity of a contract, the value of the contract determines the amount in controversy for the purpose of determining jurisdiction." (quoting *Home Ins. Co. of New York v. Trotter*, 130 F.2d 800, 803 (8th Cir. 1942))); *see generally* 14AA Charles Alan Wright et al., FEDERAL PRACTICE & PROCEDURE JURISDICTION § 3710 (4th ed. 2011). The conclusion that the sum of money due at the time of suit is not necessarily determinative for amount-in-controversy purposes "is in logical accord with the reasoning of the Supreme Court in various cases where it was

2

held that the value of the right in dispute determines the jurisdiction; that where the controversy regards the effect of a contractual right, the value of the latter is the determining feature." *Davis v. American Foundry Equipment Co.*, 94 F.2d 441, 443 (7th Cir. 1938) (collecting cases).

"Rescission is an equitable remedy, the effect of which is to 'restore the parties to the position they would have occupied if no contract had ever been made between them.'" *Kilian v. Mercedes-Benz USA, LLC*, 2011 WI 65, ¶ 41, 335 Wis. 2d 566, 799 N.W.2d 815 (quoting *Seidling v. Unichem, Inc.*, 53 Wis. 2d 552, 557–58, 191 N.W.2d 205 (1971)). Here, if Renard's is successful in seeking to have the lease agreement rescinded, it would receive not only restitution for past lease payments, it would also be relieved of its obligation to make the remaining lease payments contracted for. Accordingly, the total contract value (*i.e.*, the aggregate of all monthly payments under the lease) is an appropriate measure for determining the amount in controversy.

Renard's would complicate the issue by requiring Ricoh to discount the total contract value thereby showing that the actual present value of the agreement exceeds $75,000. (*See* Pl.'s Br. 4, ECF No. 10.) Renard's cites two cases to illustrate its position, but the cases are distinguishable because they do not deal with claims that an entire contract was invalid. *See Sarnoff v. American Home Products Corp.*, 798 F.2d 1075, 1077 (7th Cir. 1986), *abrogated on other grounds by Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955 (7th Cir. 1998); *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 403 (7th Cir. 2004). The Court finds that the case at bar is much more closely analogous to *Hartford Acc. & Indem. Co.* and *Davis*, which clearly and logically apply the principle that the total contract value is determinative when the whole contract is in dispute. Renard's reply brief did not direct the Court to any authority calling the application of this principle into question, and the Court has found none.

The Court also notes that Renard's complaint includes a claim for punitive damages. (Compl. ¶¶ 50–51.) Punitive damages recoverable under a complaint count in determining whether the amount in controversy requirement is satisfied. *Bell v. Preferred Life Assur. Soc. of Montgomery*, 320 U.S. 238, 240 (1943); *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211–12 (7th Cir. 1995). Punitive damages are indeed recoverable under Renard's complaint because it includes a claim for fraudulent misrepresentation. *See Jeffers v. Nysse*, 98 Wis. 2d 543, 552, 297 N.W.2d 495, 499 (1980) (permitting punitive damages when jury found defendant made fraudulent misrepresentation). Accordingly, Renard's prospect for a punitive damage award, if successful on its claim for fraudulent misrepresentation in relation to a more than $100,000 contract, provides further support for the Court's finding that the amount in controversy requirement in this case is satisfied.

For all of these reasons, Renard's motion to remand this case is hereby **DENIED**. The clerk is directed to set this matter for a Rule 26 scheduling conference. The parties may appear by telephone.

**SO ORDERED** this 13th day of August, 2014.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court